UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

BB&T COMMERCIAL EQUIPMENT :
CAPITAL CORP. F/K/A :
SUSQUEHANNA COMMERCIAL :
FINANCE, INC. :
         Plaintiff : Civil Action
  vs. : No.   17 4893
 :
MEDTIX, LLC :
 :
         Defendant :

**COMPLAINT**

1. Plaintiff, BB&T Commercial Equipment Capital Corp. F/K/A Susquehanna Commercial Finance, Inc., ("Plaintiff") is a corporation in good standing under the Laws of the Commonwealth of Pennsylvania, with its principal place of business located 2 Great Valley Parkway, Suite 300, Malvern, Pennsylvania, 19355.

2. Defendant, Medtix, LLC is a Delaware Limited Liability Company with a place of business located at 16337 Coastal Highway, Lewes, DE 19958.

3. The matter in controversy herein exceeds, exclusive of interest and costs, the sum of Seventy Five-Thousand Dollars ($75,000.00). Jurisdiction is based on diversity of citizenship, with a venue proper pursuant to 28 USC 1391.

4. On or about December 31, 2015, Defendant executed a "Commercial Finance Agreement" ("Agreement 1") with plaintiff to purchase certain equipment, including but not limited to one Candela Gentlemax Pro ("Equipment 1") for sixty (60) monthly installments in the amount of $991.34 each, with a true and correct copy of Agreement 1 being set forth as Exhibit "A" hereto.

5. On or about February 22, 2016, Defendant executed a "Commercial Finance

1

Agreement" ("Agreement 2") with plaintiff to purchase certain equipment, including but not limited to one 2013 Clinitek Atlas Automated Urine Chemistry Analyzer ("Equipment 2") for sixty (60) monthly installments in the amount of $1,030.93 each, with a true and correct copy of Agreement 2 being set forth as Exhibit "B" hereto.

6. On or about June 9, 2016, Defendant executed a "Equipment Finance Agreement" ("Agreement 3") with Direct Credit Funding, Inc. to purchase certain equipment, including but not limited to one Refurnished Siemens ADVIA Centaur XP Immuncassay System ("Equipment 3") for thirty six (36) monthly installments in the amount of $2,558.36 each, with a true and correct copy of Agreement 2 being set forth as Exhibit "C" hereto.

7. On or about June 17, 2016, Direct Credit Funding assigned its interest in Agreement 3 and Equipment 3 and all related documents to BSB Leasing, Inc. pursuant to an Assignment with a true and correct copy of the Assignment being attached hereto and marked as Exhibit "D".

8. On or about August 1, 2016, BSB Leasing, Inc. assigned its interest in Agreement 3 and Equipment 3 and all related documents to Mintaka Financial, LLC pursuant to an Assignment with a true and correct copy of the Assignment being attached hereto and marked as Exhibit "E".

9. On or about August 9, 2016, Mintaka Financial, LLC assigned its interest in Agreement 3 and Equipment 3 and all related documents to Susquehanna Commercial Finance, Inc. pursuant to an Assignment with a true and correct copy of the Assignment being attached hereto and marked as Exhibit "F".

10. For purposes hereof, Agreement 1, Agreement 2 and Agreement 3 shall sometimes be collectively referred to as the "Agreements". For purposes hereof, Equipment 1, Equipment 2,

Equipment 3 shall sometimes be collectively referred to as the "Equipment".

### *Defaults*

1. Defendant defaulted under the Leases as follows:

    a) Defendant made 16 payments under the terms of Agreement 1, but defaulted by failing to pay the payment due May 31, 2017 and all payments due thereafter, at which time 44 monthly payments remained due and payable of $991.34 each, for a total gross balance due of $43,618.96 plus late fees of $495.65 plus expenses of collection including attorney fees at the rate of 15% of the balance, plus interest from the date of judgment, and applicable additional late charges

    b) Defendant made 15 payments under the terms of Agreement 2, but has stated its refusal to make any further payments and is thereby in default under the doctrine of anticipatory repudiation, and is refusing to pay the payment due June 22, 2017 and all payments due thereafter, at which time 45 monthly payments remained due and payable of $1,030.93 each, for a total gross balance due of $46,391.85 plus late fees of $412.36 plus expenses of collection including attorney fees at the rate of 15% of the balance, plus interest from the date of judgment, and applicable additional late charges.

    c) Defendant made 7 payments under the terms of Agreement 3, but has stated its refusal to make any further payments and is thereby in default under the doctrine of anticipatory repudiation, and is refusing to pay the payment due June 10, 2017 and all payments due thereafter, at which time 29 monthly payments remained due and payable of $2,558.16 each, for a total gross

    balance due of $74,186.64 plus late fees of $511.65 plus expenses of collection including attorney fees at the rate of 15% of the balance, plus interest from the date of judgment, and applicable additional late charges.

   d) The total amount due under the Agreements is the sum $165,617.11 plus expenses of collection including attorney fees at the rate of 15% of the balance plus interest from the date of judgment, and applicable additional late charges.

2. As a result of Defendant's default under the Agreements, Defendant is obligated for the balance due under the Agreements as follows:

   a) Agreement 1 – the gross balance being in the amount of $44,114.61 plus expenses of collection including attorney fees at the rate of 15% of the balance, plus interest from the date of judgment, and applicable additional late charges and return the liened Equipment in Replevin for the purposes of sale and application of proceeds.

   b) Agreement 2 – the gross balance being in the amount of $46,804.21 plus expenses of collection including attorney fees at the rate of 15% of the balance, plus interest from the date of judgment, and applicable additional late charges and return the liened Equipment in Replevin for the purposes of sale and application of proceeds.

   c) Agreement 3 - the gross balance being in the amount of $74,698.29 plus expenses of collection including attorney fees at the rate of 15% of the balance, plus interest from the date of judgment, and applicable additional late charges and return the liened Equipment in Replevin for the purposes of

        sale and application of proceeds.

    d) The total amount due under the Agreements is the sum of $165,617.11 plus expenses of collection including attorney fees at the rate of 15% of the balance, plus interest from the date of judgment, and applicable additional late charges and return the liened Equipment in Replevin for the purposes of sale and application of proceeds.

3. Jurisdiction is proper in the Eastern District of Pennsylvania in this action by virtue of: (a) the failure of monies to be paid by the Defendant to Plaintiff at its place of business in Chester County, Pennsylvania, where such payments are due, (b) express provisions contained in the Agreements wherein Defendant consented to jurisdiction of the place of business of Plaintiff, being the Creditor of two Agreements and Assignee of one Agreement, being the United States District Court for the Eastern District of Pennsylvania in actions enforcing those agreements.

## BREACH OF CONTRACT

1. By reason of Defendant's default under the Agreements, Defendant is liable to Plaintiff in the sum of One Hundred Sixty Five Thousand Six Hundred Seventeen and 11/100ths Dollars ($165,617.11) plus expenses of collection including attorney fees at the rate of 15% of the balance, plus interest from the date of judgment, and applicable additional late charges and return the liened Equipment in Replevin for the purposes of sale and application of proceeds.

    WHEREFORE, Plaintiff demands judgment in its favor and against Defendant in the sum of One Hundred Sixty Five Thousand Six Hundred Seventeen and 11/100ths Dollars ($165,617.11) plus expenses of collection including attorney fees at the rate of 15% of the balance, plus

interest from the date of judgment, and applicable additional late charges and return the liened Equipment in Replevin for the purposes of sale and application of proceeds.

## REPLEVIN

13. Plaintiff has a duly perfected Security Interest in the Equipment 1-3, as evidenced by the UCC-1s filed with the Commonwealth of Pennsylvania, being attached hereto and made a part hereof, marked Exhibits "G-I".

14. By virtue of the aforementioned default by Defendant, Plaintiff is entitled to possession of the Equipment.

WHEREFORE, Plaintiff requests entry of judgment against Defendant to the effect that:

(1) Plaintiff has the right to possession of one Candela Gentlemax Pro; one 2013 Clinitek Atlas Automated Urine Chemistry Analyzer; and one Refurnished Siemens ADVIA Centaur XP Immuncassay System ;

(2) Defendant be directed to turn over possession of one Candela Gentlemax Pro; one 2013 Clinitek Atlas Automated Urine Chemistry Analyzer; and one Refurnished Siemens ADVIA Centaur XP Immuncassay System.

(3) Plaintiff be awarded damages in the amount of One Hundred Sixty Five Thousand Six Hundred Seventeen and 11/100ths Dollars ($165,617.11), plus expenses of collection including attorney fees at the rate of 15% of the balance, plus interest from the date of judgment, and applicable additional late charges representing the contractual damages are as outlined in the Complaint, from which Plaintiff shall deduct the net proceeds from the disposition of the

Equipment, ("net" meaning repossession and resale expenses, collection expenses and attorney fees, and court costs);

   (4) Interest and costs of suit to the extent permitted by the Obligation Documents and by law.

Dated: October 27, 2017        ATTORNEY FOR PLAINTIFF

               BARBARA LANZA FARLEY,
               A PROFESSIONAL CORPORATION

               BY: /s/Barbara L. Farley, Esquire
               Barbara L. Farley, Esquire
               PO Box 53659
               Philadelphia, PA 19105
               215-923-9696
               Fax 856-428-3995
               PA Atty. ID 18845
               blfpclaw@gmail.com